[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13225

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MONFORT DESIR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80050-AMC-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Monfort Desir appeals his 151-month sentence for five counts of possession with intent to distribute fentanyl on the grounds that the district court erroneously designated him a career offender under the Sentencing Guidelines based on two prior Florida convictions for distribution of cocaine. He argues that the district court erroneously designated him a career offender because his 2008 and 2013 Florida cocaine convictions were not "controlled substance offenses" under the career offender guideline.

We review *de novo* whether a prior conviction is a "controlled substance offense" under the Guidelines. *United States v. Lange*, 862 F.3d 1290, 1293 (11th Cir. 2017).

The Sentencing Guidelines provide that a defendant is a career offender if:

> (1) the defendant was at least [18] years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least [2] prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A controlled substance offense is:

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 4B1.2(b). A career offender status mandates a criminal history category of VI and warrants a set offense level based on the statutory maximum of the underlying offense. *Id.* § 4B1.1(b).

In *United States v. Dubois*, we recently held "that a 'controlled substance' under § 4B1.2(b)'s definition of 'controlled substance offense' is, for prior state offenses, a drug regulated by state law at the time of the conviction." 94 F.4th 1284, 1300 (11th Cir. 2024).

Here, the district court did not err in finding that Desir's two prior Florida cocaine convictions were "controlled substance offenses" under U.S.S.G. § 4B1.2(b) and consequently designating him as a career offender, because, as we confirmed in *Dubois*, sentencing courts must look to state law at the time of the prior state conviction rather than at the time of federal sentencing to determine whether a drug is a controlled substance. *Dubois*, 94 F.4th at 1298, 1300. The district court correctly looked to the Florida drug schedules at the time of Desir's 2008 and 2013 state convictions for cocaine, determined that those convictions were "controlled

4                        Opinion of the Court                    23-13225

substance offenses," and applied the career offender enhancement. We therefore affirm.

**AFFIRMED.**